**Patricia PIESKE, Respondent,**

v.

**CITY OF MINNEAPOLIS, Appellant.**

No. 47414.

Supreme Court of Minnesota.

Nov. 4, 1977.

Walter J. Duffy, Jr., City Atty., Edward R. Kenneally, Asst. City Atty., Minneapolis, for appellant.

Wasserman & Lewis, and Herman Lewis, Minneapolis, for respondent.

PER CURIAM.

Reviewing a decision of the Worker's Compensation Court of Appeals on certiorari, we must decide whether an employee who is temporarily unemployable due to an injury which caused 15-percent permanent partial disability in both knees may continue to receive temporary total disability benefits after her physical condition has stabilized enough to permit assessment of permanent partial disability. We answer this question in the affirmative.

Employee worked for the city of Minneapolis as a library page from October 1973 until June 12, 1974. This job entailed frequent bending of the knees to organize books on low shelves and numerous trips up flights of stairs with armloads of books. In January 1974, she noticed swelling and soreness in her knees. The condition persisted into the spring and worsened. She quit her job on June 12, 1974, and consulted an orthopedic surgeon.

He diagnosed chondromalacia patella, a cartilage breakdown, under both kneecaps, and attributed this condition to employee's library work. Subsequent examination over a 2-year period showed no improvement. He concluded that employee had suffered a permanent partial disability of both legs and characterized her as "nonemployable" from June 12, 1974, to August 6, 1975, 6 days before the date of her hearing before the compensation judge.

The compensation judge found that employee's injury was work related, that it had rendered her temporarily totally disabled, and that employee had sustained 15-percent permanent partial disability of both legs. He ordered temporary total disability benefits commencing as of the day after she quit work, to continue until she could be successfully placed in light work by the Minnesota Department of Employment Services, or retrained, or until the statutory period for such benefits should elapse. He further ordered that the compensation for permanent partial disability should be paid in a lump sum upon termination of employ-

ee's temporary total disability benefits. These findings and orders were upheld by the Worker's Compensation Court of Appeals, and after reviewing the record, we affirm that court's holdings on these issues.

The remaining issue is employer's argument that once an injured employee's physical condition stabilizes enough to permit an assessment of permanent partial disability, compensation for temporary total disability should cease.

This argument is untenable in light of our definition of temporary total disability in *Schulte v. C. H. Peterson Construction Co.*, 278 Minn. 79, 83, 153 N.W.2d 130, 133 (1967):

"  *   *   * [A] person is totally disabled if his physical condition, in combination with his age, training and experience, and the type of work available in his community, causes him to be unable to secure anything more than sporadic employment resulting in an insubstantial income.  *   *   * The concept of temporary total disability is primarily dependent upon the employee's ability to find and hold a job, not his physical condition."

*Schulte*, like the present case, concerned an employee whose physical condition had stabilized. There we upheld an order that continuing payments for temporary total disability be made.

In the present case, employee's youth suggests the possibility of future employment, but she lacks experience or training beyond a high school diploma. It was on this basis that, following *Schulte*, the courts below found her to be unemployable and thus temporarily totally disabled.

Respondent is allowed $350 attorneys fees.

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.